IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLNOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|     EWA GRANT | ) | CHAPTER 13 |
| | ) | Case No. 11 B 27508 |
| | ) | |
|     <u>Debtor</u> | ) | Judge: Schmetterer |
| EWA GRANT, | ) | Trustee: Tom Vaughn |
| | ) | |
|                  Plaintiff | ) | |
| -vs- | ) | |
| | ) | |
| BANK OF AMERICA, | ) | AP No. 11 AP 01463 |
|                 Defendant. | ) | |

## ~~PROPOSED~~ FIDINGS OF FACT AND CONCLUSIONS OF LAW

**Findings of Fact.**

Findings of fact are based on the filed Adversary Complaint as confessed and the Affidavit of EWA GRANT.

**A. The Parties**

1. The plaintiff is EWA GRANT ("Plaintiff").

2. The Defendant is BANK OF AMERICA ("Defendant").

**B. Factual Background**

1. On June 30, 2011, Plaintiff filed a petition for relief under Chapter 13 of Bankruptcy code.

2. Plaintiff owns the real estate commonly known as 1319 Winslowe Dr. #303 Palatine, IL 60074.

3. BANK OF AMERICA holds a first mortgage lien on the real property commonly known as 1319 Winslowe Dr. #303 Palatine, IL 60074, with a secured claim of $103,649.74.

4. The Defendant holds a second mortgage lien on the real property known 1319 Winslowe Dr. #303 Palatine, IL 60074 in the approximate amount of

$20,000.00.

5. That the fair market value at the time of filing of case number 11 B 27508 of the real estate was not more than $48,000.00.

6. The first mortgage lien originally granted by MERS is a secured claim based on the mortgage recorded on July 11, 2005 as a document number 0519255076 with the Cook County Recorder of Deeds, Illinois that was subordinated to BANK OF AMERICA and recorded on April 2, 2009 as document number 0909240046 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of BANK OF AMERICA is a claim based on the mortgage recorded on July 11, 2005 as a document number 0519255077 with the Cook County Recorder of Deeds, Illinois.

8. The current Modified Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $629.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of six percent (6%) of their allowed claim.

10. On July 8, 2011, Plaintiff issued a summons and complaint to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's 2nd lien on Plaintiff's property located at 1319 Winslowe Dr. #303 Palatine, IL 60074.

11. That on July 8, 2011 a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Certified U.S. Mail to an officer of the Defendant at 100 North Tryon Street, Charlotte, NC 28255-0001.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the fair market value of $48,000.00.

15. The secured claim of BANK OF AMERICA in the amount of $103,649.74 exhausts the value and equity in Plaintiffs residence.

16. There is no value and equity to support the claim of the Defendant

## PROPOSED CONCLUSIONS OF LAW

A. Jurisdiction

1. The contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

2. Venue is proper in this pursuant to 28 U.S.C. § 1409.

B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first BANK OF AMERICA secured claim in the amount of $103,649.74 and the second BANK OF AMERICA claim in or around $20,000.00.

5. That value of Plaintiffs residence is $48,000.00

6. As there is no value or equity to support the second priority lien of BANK OF AMERICA, the BANK OF AMERICA claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 plan, value the collateral under FR. Bankr. P.3012, and determine the respective rights of

secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr. N.F.III. January 29, 2010).

United States Bankruptcy Judge

8/12/4

AUG 12 2011